Lance Lundvall
LUNDVALL LAW OFFICE
301 North 27th Street, Ste. 310
Billings, MT 59101
Telephone: (406) 294-0515

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-102-BLG-SPW |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| JORGE LUIS MENDEZ-SANCHEZ, | |
| Defendant. | |

COMES NOW the Defendant, Jorge Luis Mendez-Sanchez,, by and through his counsel of record, Lance Lundvall, and offers this Sentencing Memorandum in advance of the Defendant's sentencing scheduled for *May 15, 2019, at 9:30 a.m.*

### I. Introduction

Defendant Jorge Luis Mendez-Sanchez (Mendez-Sanchez) was one of three Defendants charged by Indictment, charging him with the following offenses: Counts

Count I- Conspiracy to Possess Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 846; and Count II Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On August 8, 2018, the Defendant pled not guilty.

On January 3, 2019, the Defendant pled guilty to Count 2 of the Indictment charging her with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1).

## II. Objections to Pre-Sentence Report

The Defendant only has one objection to the Pre-Sentence Report and it may be resolved at the time of sentencing. As noted in the Pre-Sentence Report, the Defendant believes he qualifies for the Safety Valve Reduction under 2D1.1(b)(18) and USSG 5C1.2(a)(5). At the time of the initial report it was true that the Defendant had not yet been interviewed to give a complete, truthful statement. However, he had made it known he was certainly to do so. Since the writing of the initial pre-sentence report, he has now been formally interviewed and thus does qualify for the Safety Valve. In light of this, the Defendant believes the Adjusted Offense level should be 25 with a guideline range of 57-71 months. The Defendant also notes he should be eligible for sentencing in accordance with the applicable sentencing guidelines without regard to the statutory minimum sentence of 10 years imprisonment and not more than 5 years supervised release pursuant to 18 U.S.C. § 3583(b)(1).

**III. Defendant's Scoring of the Advisory United States Sentencing Guidelines**

Defendant asserts that the scoring of the advisory guidelines in the Presentence Investigation Report (PSR) is correct with the modification made pursuant to inclusion of the safety valve, as outlined above.

**IV. Discussion**

The fundamental consideration for the Court in sentencing is the directive that the court "shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes [of sentencing]."18 U.S.C. §3553(a)(emphasis added.)   This primary directive requires the Court to impose the *least severe* sentence necessary to satisfy the four purposes of sentencing - punishment, deterrence, protection of the public and rehabilitation.  18 U.S.C. §3553(2)(A-D).  In fashioning a sentence, the Court must also "consider the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. §3553(a)(1).  In this regard, we respectfully request the Court consider those applicable mitigating factors under the §3553 analysis.  *US. V. Menyweather*, 447 F.3d 625, 634 (9th Cir. 2005)("In the 'broader appraisal,' available to district courts after *Booker*, courts  now [have the discretion to weigh a multitude of mitigating and aggravating factors that existed at the time of mandatory Guidelines sentencing, but were deemed 'not ordinarily relevant,' such as age, education and vocational skills, mental and emotional conditions, employment record, and family ties and responsibilities.")  In "sentencing

an individual, [the] task is to attempt to find the most reasonable sentence for that person within the territory of all possible reasonable sentences." *United States v. Zavala,* 443 F.3d 1165, 1170 (9th Cir. 2006).

**A. The Sentencing Mandate in 18 U.S.C. §3553(a)(2):**

    **1. Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment:**

Section 3553(a)(2)A) requires the judge to consider "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense." Mr. Mendez-Sanchez does not deny the gravity of the offense for which he is guilty of committing. He pled guilty, accepting responsibility for his involvement in this drug transaction. In light of his guilty plea and truthful statement to law enforcement regarding his involvement, certainly demonstrates his respect for the law and recognition of the severity of the crime.

    **2. Deterrence**

Section 3553(a) requires imposition of a sentence that serves crime control purposes – e.g., deterrence and incapacitation. Congress directed that all sentences must "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a)(2)(B) and ( C).

While the criminal justice system as a whole provides some deterrent effect, a key question regards whether enhanced sanctions or an enhanced possibility of being

apprehended provide any additional deterrent benefits. In the instant case, a criminal sentence of incarceration is of great deterrence of further criminal conduct.

Mr. Mendez-Sanchez, age 35, has **one** criminal history point as a result of a DUI over 10 years ago. He has remained incarcerated since his arrest on July 10, 2018, resulting in a total of 309 days of jail as of the date of sentencing. For someone to have never been incarcerated before, a guideline sentence certainly serves as a deterrent. Furthermore, he is certain to be deported following his sentence. Losing his right to live in this country could not be more of a deterrent.

### 3. Protect the Public from Further Crimes of the Defendant

Thus, with respect to the 18 U.S.C. § 3553(a)(2) ( C) factor, the fact that the Defendant will be deported following his incarceration, will certainly protect the citizens of this country from further crimes.

### 4. Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

As 18 U.S.C. § 3582(a) indicates "imprisonment is not an appropriate means of promoting correction and rehabilitation." Applying this statutory admonition, in 2011 the Supreme Court held that while a district court at sentencing may discuss and recommend opportunities within prison or the benefit of specific treatment or training programs in a custodial setting, an imprisonment sentence may not be imposed or increased to facilitate the defendant's rehabilitation. *Tapia v. United States*, 131 S. Ct.

2382, 2391-93 (2011).  The Defendant will have the opportunity to complete R-DAP while incarcerated, if deemed appropriate.

    **B.**    **Sentencing Factors in 18 U.S.C. § 3553(a)(1):  History and Characteristics of Jorge Mendez-Sanchez**

Section 3553(a)(1) is a "broad command to consider 'the nature and circumstances of the . . . the history and characteristics of the defendant.'"  *Gall v. United States*, 128 S. Ct. 586, 596 n. 6 (2007).  The Presentence Investigation Report provides detail of Mr. Mendez-Sanchez's history and characteristics as those factors bear on 18 U.S.C. § 3553(a).  Mr. Mendez-Sanchez grew up in Mexico and came to the United States in 2008.  Other than a DUI, he remained law-abiding and worked in construction while in this country.

    **C.**    **18 U.S.C. §3553(a)(6): The Need To Avoid Unwarranted Sentence Disparities Among Defendants**:

The presentence report sets forth sets forth a guideline range of 57-71 months.  In light of his minimal role, a sentence in that range would avoid a disparate sentence.

### IV. Conclusion

Keeping in mind "the overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary" (*Carty*, 520 F.3d at 990, citing 18 U.S.C. § 3553(a)), for the reasons stated above and applying the criteria set forth in 18 U.S.C. § 3553(a), a sentence within the guideline range is appropriate.

Such a sentence would both punish him for his behavior, but also in keeping with his minimal criminal history and age.

RESPECTFULLY SUBMITTED this 1st day of May, 2019.

/s/Lance Lundvall
LANCE LUNDVALL
Attorney for Defendant